Case 1:22-cv-01972-ELR Document 1-1 Filed 05/18/22 Page 1 of 10

Exhibit "A"

State Court of Fulton County
**E-FILED**
22EV002742
5/9/2022 5:07 PM
Christopher G. Scott, Clerk
Civil Division

**GEORGIA, FULTON COUNTY**

**STATE COURT OF FULTON COUNTY**
Civil Division

**DO NOT WRITE IN THIS SPACE**

**CIVIL ACTION FILE #:** _____

TLORIA McDAVID, as mother, heir and anticipated administrator of the ESTATE OF SHAVON McDAVID

Plaintiff's Name, Address, City, State, Zip Code

vs.

SELAM EXPRESS, INC.
3010 Monroe Road, Suite 108E
Charlotte       NC       28205

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| | ************ |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

**SUMMONS**

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: V. Ashley Spires
Address: 1932 North Druid Hills Road, Suite 100
City, State, Zip Code: Atlanta, GA 30319         Phone No.: 404-419-9500

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Christopher G. Scott, Chief Clerk (electronic signature)

_____

**SERVICE INFORMATION:**
Served, this _____ day of _____, 20_____.      _____
                                                                                                                    DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

**WRITE VERDICT HERE:**
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
22EV002742
5/9/2022 5:07 PM
Christopher G. Scott, Clerk
Civil Division

## IN THE STATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| TLORIA MCDAVID, as mother, heir and anticipated administrator of ESTATE OF SHAVON MCDAVID,<br><br>Plaintiff,<br><br>v.<br><br>SELAM EXPRESS, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.:<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Tloria McDavid, as mother, heir and anticipated administrator of Estate of Shavon McDavid (hereinafter "Plaintiff"), Plaintiff in the above-captioned civil action, by and through undersigned counsel of record, and hereby files this Complaint against Selam Express Inc., showing as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Tloria McDavid resides at 2270 67th Avenue, Sacramento, California 95822 and submits to the jurisdiction of this Court.

2.

Plaintiff Tloria McDavid is the mother, heir and anticipated administrator of the Estate of Shavon McDavid, deceased.

3.

Defendant Selam Express Inc. may be served with a copy of the Summons and Complaint via its registered agent, Hailu Zemichael, at its principal place of business 3010 Monroe Road, Suite 108e, Charlotte, NC 28205.

4.

Jurisdiction and venue are proper in this Court.

## BACKGROUND

5.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 4 above as if fully restated.

6.

On March 4, 2022, Shavon McDavid was a passenger in a 2011 Ford Escape driven by Mercedes A. Ammamoo and traveling northbound on Interstate 85 in Atlanta, Fulton County, Georgia.

7.

At the same time, Semer Keflay was traveling northbound on Interstate 85 in Atlanta, Fulton County, Georgia.

8.

Semer Keflay was operating a 2013 Volvo tractor trailer owned by Selam Express Inc., and was doing so within the course and scope of his agency/employment.

9.

Semer Keflay was driving next to the HOV lane, five lanes over from the furthest right lane and in a lane marked "No Trucks."

10.

Semer Keflay, upon information and belief, proceeded to take the exit off of Interstate 85 onto Buford Highway connector at a dangerously low rate of speed.

11.

At the same time, Mercedes A. Ammamoo was traveling five lanes from the furthest right lane and struck Semer Keflay in the rear.

12.

Mercedes A. Ammamoo's 2011 Ford Escape ran underneath the 2013 Volvo tractor trailer, which killed all three occupants of her vehicle, one being Shavon McDavid.

13.

Upon information and belief, Semer Keflay's tractor trailer also had mechanical defects, such as, insufficient lighting or markings, the absence of reflective tape, defective read lighting and/or a defective underride guard.

14.

Semer Keflay caused the Accident and was issued three (3) citations in violation of O.C.G.A. §§ 40-6-51, 40-6-52(b), and 40-1-8.

**COUNT I – NEGLIGENCE *PER SE* OF SEMER KEFLAY**

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

15.

Pursuant to O.C.G.A. § 40-6-51, Semer Keflay had a duty to adhere to the restrictions on use of controlled-access roadways.

16.

Pursuant to O.C.G.A. § 40-6-52(b), Semer Keflay had a duty to travel only within the two most right-hand lanes.

17.

Pursuant to O.C.G.A. § 40-1-8, Semer Keflay had a duty to safely operate a commercial motor vehicle.

18.

Semer Keflay failed to adhere to the restrictions on use of the left lanes, failed to operate a commercial motor vehicle in a safe manner and, on information and belief, was driving too slow for conditions resulting in the collision that killed Shavon McDavid. Thus, Semer Keflay was negligent *per se*.

## COUNT II – NEGLIGENCE OF SEMER KEFLAY

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

20.

Semer Keflay failed to operate her commercial motor vehicle with due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing disregard for the safety of others, including Shavon McDavid.

21.

Semer Keflay was negligent and his negligent action and inaction was the proximate cause of the Accident that killed Shavon McDavid.

**COUNT III – VICARIOUS LIABILITY OF
DEFENDANT SELAM EXPRESS, INC.**

22.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 21 above as if fully restated.

23.

Defendant Selam Express Inc. is vicariously liable for the actions and omissions of Defendant Semer Keflay, pursuant to the doctrine of *respondeat superior*, as Semer Keflay was acting within the scope of his employment and/or agency at the time of the collision.

**COUNT IV
DIRECT NEGLIGENCE OF SELAM EXPRESS, INC.**

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 243 above as if fully restated.

25.

Defendant Selam Express Inc. negligently hired, supervised, trained, and retained Semer Keflay and negligently entrusted motor vehicle operation responsibilities to Semer Keflay

26.

Defendant Selam Express Inc. negligently failed to implement and utilize proper procedures to evaluate Semer Keflay's skills and expertise for the operation of said motor vehicle.

27.

Defendant Selam Express Inc. had knowledge of, or in the exercise of reasonable care, should have had knowledge of the negligence discussed herein and the dangerous condition(s)

created by its actions, Defendant is liable for the negligent supervision, hiring, training, and retention of its management, agents, and employees and the entrustment of said motor vehicle to said management, agents, and employees.

28.

Defendant Selam Express Inc. was negligent in failing to promulgate and enforce company policies, procedures, and rules for the protection of the public, including, but not limited to, Shavon McDavid, deceased.

29.

Defendant Selam Express Inc. knew or should have known that Semer Keflay was an unsafe driver and negligently did not take adequate measures to prevent Semer Keflay from driving its 2013 Volvo tractor trailer truck.

## COUNT V
## WRONGFUL DEATH DAMAGES

30.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 29 above as if fully restated.

31.

Defendant Selam Express Inc. and its employees/agents caused injuries to Plaintiff for which Plaintiff may recover damages, including, but not limited to:

a. The wrongful death of Shavon McDavid, deceased, entitling Plaintiff to recover the full value of Shavon McDavid's life, as well as all other damages permitted under law;

b. Expenses associated with the death and burial of Shavon McDavid;

c. Medical expenses associated with the death of Shavon McDavid;

    d. Pre-death pain and suffering, lost capacity to enjoy life, and mental anguish of Shavon McDavid in an amount to be proven at trial which may be recovered by Plaintiff;

    e. All additional damages available under Georgia law related to the wrongful death of Shavon McDavid.

32.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendant and one or more or all above stated acts were the proximate causes of the injuries to and death of Shavon McDavid, deceased. Defendant is jointly and severally liable for the wrongful death of Shavon McDavid, deceased, and all damages recoverable under Georgia law.

## COUNT VI – PUNITIVE DAMAGES

33.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 32 above as if fully restated.

34.

By engaging in the above-described conduct, Defendant acted in an intentional, malicious, fraudulent, reckless, willful and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. § 51-12-11 to penalize and punish Defendant for its misconduct and to deter Defendant from engaging in such aggravating and fraudulent conduct in the future.

35.

Plaintiff is entitled to an award of punitive damages because Defendant's acts and omissions showed willful misconduct, malice, fraud, wantonness, oppression or an entire want of care, which would raise the presumption of conscious indifference to consequences and/or a specific intent to cause harm as defined by O.C.G.A. § 51-12-5.1. Plaintiff is, accordingly, entitled to recover punitive damages from the Defendant, in accordance with the enlightened conscience of an impartial jury.

36.

Defendant's actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against Defendant as follows:

a) That Plaintiff recovers the full value of the intangible value of the life of Shavon McDavid;

b) That Plaintiff recovers medical expenses associated with the death of Shavon McDavid in an amount to be proven at trial;

c) That Plaintiff recovers for mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

d) That Plaintiff recovers reasonable attorney's fees and costs of litigation and any statutory penalties allowed by law on the basis that Defendant have acted in bad

faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense; and

e)  That Plaintiff recovers such other and further relief as is just and proper.

Respectfully submitted this 9th day of May 2022.

/s/ V Ashley Spires
V. Ashley Spires
Georgia Bar No.: 233050

*Attorney for Plaintiff Tloria McDavid, as mother, heir and anticipated administrator of Estate of Shavon McDavid*

**CHILDERS, SCHLUETER & SMITH, LLC**
1932 N. Druid Hills Road, NE
Atlanta, GA 30319
Tel:  (404) 419-9500
Fax:  (404) 419-9501
Email: aspsires@cssfirm.com